IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MTISHA JACKSON**                                                                                  **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 3:15CV148-HTW-LRA**

**DHS FAMILY AND CHILDREN HEALTH SERVICE**           **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

      This matter is before the Court on the Motion to Proceed *in Forma Pauperis* [2] filed on February 27, 2015, by Mtisha Jackson [hereinafter "Plaintiff"]. The undersigned, being fully advised in the premises and having examined the application and affidavit submitted, does hereby find that Plaintiff, who is disabled and receives $733 per month in Supplemental Security Income and other public assistance, is indigent under the law. Plaintiff also has two children, ages 3 and 6, who rely on her for support. She has no cash or other assets, other than a 2001 Ford Taurus. She states that Publishing Clearing House, Trustmark Bank, Jackson Police Department and Clinton Police Department owe her "over millions" in dollars, but she does not state the basis of this debt.

      Based upon the information presented by Plaintiff in her sworn affidavit, the undersigned concludes that Plaintiff is indigent under the law and should be granted *in forma pauperis* status for the purpose of filing this lawsuit. A grant of leave to proceed *in forma pauperis* is made by considering only a litigant's economic status. *See Eason v. Holt,* 73 F.3d 600, 602, n. 10 (5th Cir. 1993). However, the Court may also examine the merits of the claims before allowing process to be issued.

      Plaintiff's Complaint [1] is quoted verbatim in part as follows:

> ... My mom had got custody of my daughter for awhile then my caseworker had referred me to go stay at the hospital for a while to get some help to get my daughter back. And for me to attend a month in class at the Youth Center on gallatin St. in Jackson, MS

> then after that I can get my daughter back after I finish class classes and receive my certificate in 2010 and I received it.

Complaint [1], p. 1.

She filed an amendment to the Complaint [3] on March 11, 2015, quoted as follows:

> I Mtisha Jackson my mom custody of my daughter Ameisha Abbecca James in 2010 because I had curled my daughter hair and she was 2 years old at the time and she left in went with her father and came back with ring around her eyes and like her ponytails was pull up tight and she acknowledge that she got custody of her. The caseworker Juan Johnson stated that my daughter had to go on with my mom that I to go to court meet them at the court youth detention center. They recommended me to go stay at the hospital mental health floor for a while. After I come attending time from there I had report to her and start Family and Children Health Service classes for a total of a whole month. After that I can receive my daughter back. I went to class for Family and Children Health Service for a whole month in November of 2010 and I received my Juvenile Youth Center certificate from attending DHS of Jackson, Mississippi Family and Children service.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of §1915(e)(2). *Neitzke*.

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013) (per curiam) (internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

After reviewing the Complaint, the undersigned is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking, or even whether the Court has jurisdiction. The Plaintiff is prosecuting this case *pro se*. Therefore, her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted and her Complaint should be dismissed *sua sponte* for this reason.[1]

Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the Court's order of dismissal should be without prejudice. *Cf. Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006) (per curiam).

---

[1] The undersigned also notes that Jackson has filed over fifteen lawsuits in this Court within a six month period. Most of them have been dismissed as failing to state a claim. She should be cautioned to avoid filing frivolous lawsuits.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. Plaintiff may amend her Complaint within 14 days, and object to dismissal, should she wish to do so.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of August 2015.

>                   s/ Linda R. Anderson
>           UNITED STATES MAGISTRATE JUDGE